# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CLYDE EDINBOROUGH,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-025

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clyde Edinborough ("Edinborough"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Edinborough filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Edinborough was sentenced to ten years' imprisonment in the District Court for the District of the Virgin Islands after being convicted of violations of 21 U.S.C. §§ 841(a)(1), 841 (b)(A)(ii) (possession with the intent to distribute cocaine) and 18 U.S.C. § 2 (aiding and abetting). In the instant petition, Edinborough asserts that he is being improperly required to pay his fine at the rate of from $695 to $786 per month instead of $25 per quarter as recommended by the sentencing judge. Petitioner asserts that the inmate financial responsibility program violates the Fifth Amendment and that he should only be required to pay $25 per quarter.
AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, an allegedly unconstitutional taking of their property, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Edinborough filed this cause of action pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). Edinborough asserts that this Court should take a novel approach to his habeas petition by following the holding of the Eighth Circuit in Burns v. PA Dept. of Correction, 544 F.3d 279 (8th Cir. 2008), and find that the requirement that he pay $695

to $786 dollars per month towards his $25,000 fine constitutes a taking of his property without due process of law in violation of the Fifth Amendment. (Doc. No. 1, p. 3-4). Burns concerned an inmate who filed a civil rights claim pursuant to 42 U.S.C. § 1983, asserting that an assessment on his prisoner trust fund account to pay the medical expenses of another inmate was unconstitutional. Burns, 544 F.3d at 280-91. Burns is inapplicable to Edinborough's habeas petition. Edinborough wishes to frame his contentions as an alleged civil rights violation. See Fernandez-Roque, 671 F.2d at 429. As such, his claims properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Should Edinborough wish to pursue this claim as a civil rights claim, he may do so by filing a cause of action pursuant to § 1331 and Bivens.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 14th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE